IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOXING XI, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 17-2132 |
| FBI SPECIAL AGENT ANDREW HAUGEN, *et al.*, | |
| Defendants. | |

**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Christopher A. Wray, William P. Barr, and Paul M. Nakasone (together, "the Government"),[1] by and through their undersigned attorneys, respectfully submit this response to Plaintiffs' Notice of Supplemental Authority dated March 14, 2019 (ECF No. 50).

In their Notice, Plaintiffs argue that the Ninth Circuit's decision in *Fazaga v. FBI*, No. 12-56867, 2019 WL 961953 (9th Cir. Feb. 28, 2019), "directly supports Plaintiffs' standing" to pursue declaratory and injunctive relief in this case. ECF No. 50 at 1. As an initial matter, the Ninth Circuit's decision is not controlling precedent for this Court. To the extent the *Fazaga* court held that a plaintiff may demonstrate standing for a claim seeking expungement of records without showing that the Government's possession of those records effects some concrete injury, the Government respectfully submits that the holding is inconsistent with governing Supreme Court precedents and is therefore unpersuasive. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (holding that constitutional standing requires, among other things, "an invasion of a legally

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General William P. Barr and National Security Agency ("NSA") Director Gen. Paul M. Nakasone are automatically substituted for former Attorney General Jefferson B. Sessions III and former NSA Director Adm. Michael S. Rogers.

protected interest" which is "concrete and particularized" and "actual or imminent," and which is likely to be redressed by a favorable decision); *Laird v. Tatum*, 408 U.S. 1, 13 (1972) (holding that fear of future misuse of information was not sufficient to confer standing); *see generally* Gov't Reply at 2-4.

Moreover, Plaintiffs' assertion that expungement relief is available because "they have also alleged the ongoing *searching* of their personal communications and data," ECF No. 50 at 2, is simply false. Nowhere does the Second Amended Complaint allege—let alone plausibly allege—that the Government is currently searching Plaintiffs' personal communications or data. Paragraphs 63 and 64 of the Second Amended Complaint, cited in Plaintiffs' Notice, merely allege that (i) communications acquired pursuant to Section 702 or Executive Order 12,333 are "amassed" in government databases and "*can* be searched . . . ," Second Am. Compl. ¶ 63 (emphasis added); (ii) at some unspecified point in the past, Defendant Haugen and/or Defendant Does "searched law enforcement and investigative databases for communications of Professor Xi that the government had intercepted without a warrant," *id.* ¶ 64; and (iii) "FBI agents conduct such database searches as a matter of course in investigations like that of Professor Xi," *id.* In other words, these paragraphs do not allege that the FBI or any other Government agency is currently searching databases for communications of Professor Xi specifically, and they do not allege that the Government ever conducted such purported searches for communications of the other Plaintiffs. Further, the allegations in these paragraphs focus exclusively on alleged Government actions in connection with communications obtained pursuant to Section 702 or EO 12,333. As set forth in the Government's motion to dismiss, Plaintiffs have not plausibly alleged that any of their communications were even collected pursuant to either of those authorities. *See* Gov't Mem. at 25-27, 34-36; Gov't Reply at 5, 10-12.

For the reasons set forth above and in the Government's opening and reply memoranda of law, Plaintiffs' claims against the Government should be dismissed.

Dated: March 21, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director
Civil Division, Federal Programs Branch

  /s/  *Elizabeth Tulis*
ELIZABETH TULIS
(NY Bar, under LCvR 83.5(e))
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
(202) 514-9237 (phone)
(202) 616-8470 (fax)
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants Christopher A. Wray, William P. Barr, and Gen. Paul M. Nakasone*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on March 21, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

                              /s/ *Elizabeth Tulis*
                              ELIZABETH TULIS