## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

XIAOXING XI, *et al.*,

             Plaintiffs,

    v.

FBI SPECIAL AGENT ANDREW
HAUGEN, *et al.*,

             Defendants.

Civil Action No. 17-2132

### DEFENDANTS' MOTION TO STRIKE

Defendants William P. Barr, Christopher A. Wray, and Paul M. Nakasone (together, "the Government"),[1] and Special Agent Andrew Haugen, through their undersigned counsel, jointly move to strike Plaintiffs' putative "Notice of Supplemental Authority" dated February 6, 2020 (ECF No. 52). The bases for this motion are more fully set forth in the accompanying memorandum of law. A proposed order is attached.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General William P. Barr and National Security Agency ("NSA") Director Gen. Paul M. Nakasone are automatically substituted for former Attorney General Jefferson B. Sessions III and former NSA Director Adm. Michael S. Rogers.

Dated: February 20, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director
Civil Division, Federal Programs Branch

  /s/  *Elizabeth Tulis*
ELIZABETH TULIS
(NY Bar, under LCvR 83.5(e))
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
(202) 514-9237 (phone)
(202) 616-8470 (fax)
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants William P. Barr,*
*Christopher A. Wray, and Gen. Paul M. Nakasone*

C. SALVATORE D'ALESSIO, Jr.
Acting Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel

  /s/  *Paul E. Werner*
PAUL E. WERNER
(Md. Bar, under LCvR 83.5(e))
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Washington, D.C.  20044
(202) 616-4152 (phone)
(202) 616-4314 (fax)
E-mail: Paul.Werner@usdoj.gov

*Attorneys for Special Agent Haugen*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| XIAOXING XI, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 17-2132 |
| FBI SPECIAL AGENT ANDREW HAUGEN, *et al.*, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**

Defendants William P. Barr, Christopher A. Wray, and Paul M. Nakasone (together, "the Government"),[2] and Special Agent Andrew Haugen, by and through their undersigned attorneys, respectfully move to strike Plaintiffs' putative "Notice of Supplemental Authority" dated February 6, 2020 (ECF No. 52).

Although Plaintiffs have styled their filing as a "Notice of Supplemental Authority," their submission does not identify any supplemental legal authority.[3] Instead, it sets forth allegations not included in Plaintiffs' second amended complaint in an improper attempt to bolster arguments from Plaintiffs' opposition to the Government's and to Special Agent Haugen's motions to dismiss. Accordingly, the filing is wholly improper, as Plaintiffs may not file a supplemental pleading or brief without leave of the Court. Further, even if the Court could properly consider the new matter that Plaintiffs attempt to import into their second amended complaint via the "Notice,"

---

[2] Pursuant to Fed. R. Civ. P. 25(d), Attorney General William P. Barr and National Security Agency ("NSA") Director Gen. Paul M. Nakasone are automatically substituted for former Attorney General Jefferson B. Sessions III and former NSA Director Adm. Michael S. Rogers.

[3] This is the third putative "Notice of Supplemental Authority" that Plaintiffs have filed. *See* ECF Nos. 44, 48.

that supplementation of Plaintiffs' second amended complaint would not make Plaintiffs' allegations any more plausible. The Court should strike or disregard Plaintiffs' improper filing.

The Court should strike or disregard Plaintiffs' Notice on at least two grounds: (1) it is a supplemental pleading and Plaintiffs did not move for leave to file any such pleading under Federal Rule of Civil Procedure 15(d); and (2) the material cited by Plaintiffs would not in any case render plausible the allegations in their second amended complaint.

First, Plaintiffs may not supplement their second amended complaint without leave of the Court. Rule 15 of the Federal Rules of Civil Procedure governs amendment and supplementation of pleadings. A court may permit a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Crosby v. Piazza*, 465 F. App'x 168, 174 (3d Cir. 2012) (unpublished). However, Rule 15(d) provides that a party may do so only "[o]n motion and reasonable notice." Fed. R. Civ. P. 15(d).

Plaintiffs' Notice asks the Court to consider, in deciding Defendants' motions to dismiss, particular findings of a December 2019 DOJ Inspector General Report titled *Review of Four FISA Applications and Other Aspects of the FBI's Crossfire Hurricane Investigation* and a subsequent order issued by the Foreign Intelligence Surveillance Court (FISC). The purpose of Plaintiffs' Notice is not to alert the Court to new legal authority, but rather to provide the Court with additional alleged facts that Plaintiffs maintain support their claims. *See* ECF No. 52 at 2-3. Because Plaintiffs' Notice sets forth events and occurrences that occurred after the date of Plaintiffs' complaint—specifically, the release of the Inspector General Report and subsequent FISC order—it constitutes a supplemental pleading under Rule 15(d). *See Hankin Family P'ship v. Upper Merion Twp.*, No. 01-cv-1622, 2012 WL 43599, at *9 (E.D. Pa. Jan. 6, 2012) ("Rule

2

15(d) applies when a party seeks to file a supplemental pleading to include facts that occurred after the filing of the initial complaint.").

Further, Plaintiffs' suggestion that the Court may take "judicial notice" of the findings described in their Notice, ECF No. 52 at 2 n.1, is incorrect. A court may only take judicial notice of a public document like an Inspector General's report or court order for the fact of its existence, not for the truth of facts or findings set forth therein. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted). Here, Plaintiffs are not merely asking the Court to take judicial notice of the existence of the Inspector General Report or court order, but rather to assume the truth of facts recited in those documents, and, effectively, incorporate those facts into the allegations of Plaintiffs' second amended complaint. Judicial notice does not extend so far. *See Cnty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 78 (D.D.C. 2008) (refusing to take judicial notice of content of an Inspector General's report because it was "not the type of document about which there can be no reasonable dispute"); *see also Dasenbrock v. Enenmoh*, No. 1:11-cv-01884, 2018 WL 10322174, at *2 (E.D. Cal. Jan. 8, 2018) ("While the report of the OIG is a public record, whose authenticity is not in dispute, the information included in the report is not the type of evidence that is subject to judicial notice under Federal Rule of Evidence 201.").

As Plaintiffs did not request leave to file a supplemental pleading, their Notice fails to conform with Rule 15(d), and the Court should strike it. *See Derrick v. Wetzel*, No. 14-cv-165, 2017 U.S. Dist. LEXIS 75175, at *5 (W.D. Pa. May 16, 2017); *Wallace v. Fed. Emps. of U.S. Dist. Ct.*, No. 07-cv-1132, 2008 U.S. Dist. LEXIS 34426, at *18 (E.D. Pa. Apr. 23, 2008).

Second, even if the Court could properly consider the matter included in Plaintiffs' "Notice," the supplemental facts alleged in Plaintiffs' filing would not make the speculative

allegations in the second amended complaint any more plausible.  With respect to the *Bivens* claims against Special Agent Haugen, if anything, the Inspector General Report supports Special Agent Haugen's motion to dismiss. As Special Agent Haugen demonstrated in that motion, Xi's claims arise in a new context in which multiple special factors counsel hesitation. *See* ECF No. 35 at 6-18. Special Agent Haugen noted that, in light of the precedent establishing the presence of special factors counselling hesitation in the context of Xi's claim, it was "unnecessary to separately consider whether other avenues of potential redress 'amoun[ted] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.* at 18 n.4 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1848, 1858 (2017)).

As Xi himself highlights, the Inspector General Report presents an "alternative, existing process for protecting the interest" he asserts. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). Taken along with other special factors addressed in the dismissal motion, the Inspector General process "amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id*. As Xi acknowledges, the Inspector General "is conducting a wide-ranging audit of FISA applications to 'assess the FBI's compliance with Department and FBI FISA-related policies' that are supposed to protect the civil liberties of U.S. persons." ECF No. 52 at 3 (quoting Inspector General Report at xiv)  In the context of alleged FISA applications and the classified nature of such applications, an Inspector General audit is surely a more appropriate "alternative, existing process for protecting the interest" Xi asserts, *Wilkie*, 551 U.S. at 550, than is a judicially implied damages remedy. *See* ECF No. 35 at 15-16 (explaining that the Second, Fourth, and D.C. Circuits have each refused to imply damages remedies where claims implicate classified information).

And in terms of plausibility, essentially, Plaintiffs argue that if the Court takes as true the findings in the Inspector General Report—that there were misstatements in the Carter Page FISA application—the Court may plausibly infer that any alleged FISA application with respect to Plaintiffs likewise contained misstatements. However, even if the Report's findings are taken as true, as Plaintiffs urge, the mere fact that a particular FISA application contained misstatements does not render plausible the conclusory allegations in Plaintiffs' second amended complaint.[4]

Indeed, if it were otherwise, then any conclusory allegation of wrongdoing by an FBI agent in a particular plaintiff's case could be rendered plausible merely by pointing to specific acts by a different FBI agent in an unrelated case. As previously noted, *see* Gov't Reply, ECF No. 47 at 9, Plaintiffs' second amended complaint fails to identify the purported misstatements by Special Agent Haugen, let alone to allege facts sufficient for a court to conclude that any such statements were made with reckless disregard for the truth, or that the purported misstatements were material. Because Plaintiffs' "Notice" likewise fails to identify any alleged misstatement by Special Agent Haugen or to set forth facts that would allow Plaintiffs to plausibly allege a Fourth Amendment violation, supplementation of the second amended complaint with the facts alleged in the Notice would be futile.

---

[4] That point applies equally, if not more so, with respect to Xi's *Bivens* claims because Xi sues Special Agent Haugen personally. *See* Sec. Am. Compl. ¶ 16. As the Supreme Court has made clear, in such law suits, federal officers may be liable only for their "own individual actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). That other FBI agents in a different office, involved in a different investigation, and at a later date, made errors in FISA applications regarding a United States citizen, as the Inspector General Report found, simply has no bearing on the issue of whether Xi has plausibly alleged a Fourth Amendment claim against Special Agent Haugen.

Dated: February 20, 2020                    Respectfully submitted,

                                            JOSEPH H. HUNT
                                            Assistant Attorney General
                                            Civil Division

                                            ANTHONY J. COPPOLINO
                                            Deputy Director
                                            Civil Division, Federal Programs Branch

                                              /s/  *Elizabeth Tulis*
                                            ELIZABETH TULIS
                                            (NY Bar, under LCvR 83.5(e))
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            1100 L Street, NW
                                            Washington, D.C.  20005
                                            (202) 514-9237 (phone)
                                            (202) 616-8470 (fax)
                                            E-mail: elizabeth.tulis@usdoj.gov

                                            *Attorneys for Defendants William P. Barr,*
                                            *Christopher A. Wray, and Gen. Paul M. Nakasone*

                                            C. SALVATORE D'ALESSIO, Jr.
                                            Acting Director, Torts Branch

                                            RICHARD MONTAGUE
                                            Senior Trial Counsel

                                              /s/  *Paul E. Werner*
                                            PAUL E. WERNER
                                            (Md. Bar, under LCvR 83.5(e))
                                            Senior Trial Attorney
                                            United States Department of Justice
                                            Torts Branch, Civil Division
                                            P.O. Box 7146
                                            Washington, D.C.  20044
                                            (202) 616-4152 (phone)
                                            (202) 616-4314 (fax)
                                            E-mail: Paul.Werner@usdoj.gov

                                            *Attorneys for Special Agent Haugen*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

/s/ *Paul E. Werner*
PAUL E. WERNER