IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOXING XI, *et al.*, | : |
| Plaintiffs, | : CIVIL ACTION |
| v. | : No. 17-cv-2132 |
| FBI SPECIAL AGENT ANDREW HAUGEN, *et al.*, | : JURY TRIAL DEMANDED |
| Defendants. | : |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

Defendants' Motion to Strike Plaintiffs' Notice of Supplemental Authority (ECF No. 53) should be denied. Because this Court has the authority to take judicial notice of government reports in the public record, including a Department of Justice Inspector General report, the OIG report was the proper subject of a notice of supplemental authority. Indeed, even the government concedes that this Court is entitled to take judicial notice of the *existence* of the OIG report, and for that reason alone there is no basis to strike Plaintiffs' submission. Def. Mot. at 3. Moreover, the existence of this 400-page report supports the plausibility of Plaintiffs' allegations that they were subjected to intrusive FISA searches on the basis of materially false, misleading, or fabricated allegations.

To resolve a motion to dismiss, "a court may properly look at public records . . . in addition to the allegations in the complaint." *Southern Cross Overseas Agencies Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (citations omitted). Specifically, the Court can take judicial notice of the existence of an opinion or report—not necessarily for the

truth of the facts recited therein, but for the existence of the opinion or report. *Id.* In *Southern Cross*, the court examined the contents of another court's opinion, not for the truth of the conclusions in the opinion, but for the impact that the opinion's existence had on the parties. *See* 181 F.3d at 428 (considering whether the parties should have had notice of the arguments presented in the opinion).

Likewise, here, the Court may take judicial notice of the Inspector General's Report—not for the truth of its findings regarding misrepresentations made in FISA applications, but for the fact that the Inspector General conducted an in-depth examination of this question and issued an official Department of Justice report concluding that there were such misrepresentations.[1] Other courts have similarly taken judicial notice of the contents of public records without assuming the truth of their assertions. *See Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (in considering a motion to dismiss, the district court permissibly took notice of the contents of a pharmaceutical insert, a matter of public record, not for the truth of the facts asserted in the insert but for the existence of a clinical study showing that the drug could have a certain impact); *Posner v. Coral Resorts, LLC*, No. 9:16-cv-03231-B, 2018 WL 1187565 at *3

---

[1] Similarly, the Court may take judicial notice of the existence of subsequent proceedings in the Foreign Intelligence Surveillance Court ("FISC"). These include the FISC orders cited in plaintiffs' notice of supplemental authority, which (1) direct the government to identify the remedial measures it had taken or intended to take in light of the misrepresentations and errors contained in the FISA applications for surveillance of Mr. Page; and (2) recite the government's admission that its FISA surveillance of Mr. Page was unlawful. *See* Order, *In re Accuracy Concerns Regarding FBI Matters Submitted to the FISC*, No. Misc. 19-02 (FISC Dec. 17, 2019), http://bit.ly/2sRChus; Order, *In re Carter W. Page, a U.S. Person*, No. 16-1182 (FISC Jan. 7, 2020), https://bit.ly/371WxHy; *see also* Corrected Opinion and Order, *In re Accuracy Concerns Regarding FBI Matters Submitted to the FISC*, No. Misc. 19-02 (FISC Mar. 5, 2020), https://bit.ly/3cQgEg5 ("The frequency and seriousness of these errors in a case that, given its sensitive nature, had an unusually high level of review at both DOJ and the Federal Bureau of Investigation have called into question the reliability of the information proffered in other FBI applications.").

2

(D.S.C. Mar. 6, 2018) (taking judicial notice of an Inspector General's report regarding delayed mail service to reject defendant's argument that plaintiff's allegations about her mail being delayed "strain[ed] credulity"). As the Court can take judicial notice of the OIG report and its contents—not for their truth, but for their existence—it is the proper subject of a Notice of Supplemental Authority and an amended pleading is not necessary. The defendants' motion to strike should be denied on this basis.

The existence of a report by the Inspector General finding that the FBI's applications to the FISC included several material misrepresentations, factual inaccuracies, and omissions is relevant to the plausibility of Plaintiffs' allegations and claims here. The plausibility analysis "'requires the reviewing court to draw on its judicial experience and common sense.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Certainly reports of public record and their contents are part of a court's "judicial experience and common sense." Plaintiffs allege that they were subject to intrusive FISA searches on the basis of materially false, misleading, or fabricated allegations. Defendants have argued that Plaintiffs' claims regarding FISA orders are not plausible. ECF 38 at 21. The Department of Justice OIG found several incidents of material misrepresentations, inaccuracies, and omissions in the FBI's applications to the FISC. While the Court does not have to accept the report's findings as true, the fact that the OIG made such findings at all supports the plausibility of Plaintiffs' allegations.

Finally, contrary to the defendants' assertions, the possibility that the OIG will conduct an audit of the FBI's FISA applications does not provide an alternative remedy to Plaintiff Xiaoxing Xi's *Bivens* claims. None of Xi's *Bivens* claims implicate the FISA surveillance or searches in this case, so a FISA audit would not encompass the misconduct that forms the basis

3

for those claims. In particular, such an audit would be completely unrelated to Xi's claims of malicious prosecution and fabrication of evidence (SAC Count I) or his claim of equal protection and due process violations (SAC Count II). With regards to Xi's claims regarding the unlawful search and seizure of his property and belongings (SAC Count III), any audit of the FBI's FISA applications would be irrelevant to Xi's claims that defendant Haugen's intentional and/or reckless material misrepresentations caused the issuance of *criminal* search warrants without probable cause. Xi's claim regarding unlawful surveillance and the interception and seizure of his communications (SAC Count X) is against the official capacity defendants and is not brought under *Bivens*. The OIG's audit would not reach any of the wrong-doings alleged in Xi's *Bivens* claims—Counts I, II, and III—and therefore cannot be considered an alternative process for addressing those wrongs.[2]

---

[2] Even if the OIG's audit of an unknown number of FISA applications—which may or may not include applications made in Xi's case—were to reach any non-FISA search warrants, the audit still would not constitute an adequate alternative process for protecting the interests Xi asserts. As the FTCA does not constitute a substitute for *Bivens* actions, *Carlson v. Green*, 446 U.S. 14, 19-20 (1980), neither does an OIG audit of uncertain scope.

For the reasons stated above, the Defendants' Motion to Strike should be denied. Plaintiffs respectfully request that the Court take judicial notice of the OIG report because the fact of its existence and contents, even without assuming the accuracy of the conclusions, supports the plausibility of Plaintiffs' claims.

        Respectfully submitted,

        /s/ Susan M. Lin
        David Rudovsky
        Jonathan H. Feinberg
        Susan M. Lin
        KAIRYS, RUDOVSKY, MESSING, FEINBERG
         & LIN LLP
        The Cast Iron Building
        718 Arch Street, Suite 501 South
        Philadelphia, PA 19106
        (215) 925-4400
        (215) 925-5365 (fax)

        Patrick Toomey
        Ashley Gorski
        Jonathan Hafetz
        AMERICAN CIVIL LIBERTIES UNION
         FOUNDATION
        125 Broad Street, 18th Floor
        New York, NY 10004
        (212) 549-2500
        (212) 549-2654 (fax)
        ptoomey@aclu.org

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Susan M. Lin, hereby certify that on March 12, 2020 the foregoing Response in Opposition to Defendants' Motion to Strike was filed via the Court's ECF system and, as such, was served on the below counsel:

>Paul E. Werner
>Trial Attorney
>United States Department of Justice
>Civil Division, Tort Branch
>P.O. Box 7146
>Washington, D.C. 20044
>Paul.Werner@usdoj.gov
>
>Elizabeth Tulis
>Trial Attorney
>United States Department of Justice
>Civil Division, Federal Programs Branch
>P.O. Box 883
>Washington, D.C. 20044
>Elizabeth.Tulis@usdoj.gov

>*/s/ Susan M. Lin*
>Susan M. Lin