IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOXING XI, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 17-2132 |
| FBI SPECIAL AGENT ANDREW HAUGEN, *et al.*, | |
| Defendants. | |

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE

In their opening motion, Defendants William P. Barr, Christopher A. Wray, and Paul M. Nakasone (together, "the Government"), and Special Agent Andrew Haugen, made three overarching points that demonstrate that Plaintiffs' third "Notice of Supplemental Authority" should be struck. First, the "Notice" did not include supplemental authority and instead merely noted events—specifically, the publication of an Inspector General Report and a related court order—that occurred after Plaintiffs filed their second amended complaint. Moreover, the "Notice" asked the Court to effectively incorporate into the allegations in the second amended complaint various factual findings of the Inspector General. It therefore was an attempt to improperly amend or supplement their complaint. Second, even if taken as true, the findings in the document Plaintiffs referred to in their "Notice"—a recent DOJ Inspector General Report regarding FISA applications related to Carter Page— would not render plausible Plaintiffs' claims against the Defendants. And third, if anything, the Inspector General Report, which referred to an upcoming audit of FISA applications, buttressed Special Agent Haugen's special factors defense. *See generally* ECF No. 53.

Plaintiffs' opposition fails adequately to address any of these points. Plaintiffs do not explain how their "Notice" is anything other than an attempt to amend or supplement their complaint. Instead, they misconstrue Third Circuit precedent and cite inapposite case law. In *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410 (3d Cir. 1999), the court took judicial notice of the contents of a court opinion in a prior case referred to in the complaint in rejecting the plaintiffs' argument that they were entitled to tolling of the statute of limitations for their fraud claim. *Id.* at 427. As the Third Circuit explained, whether or not the judge's interpretation of the evidence in the prior case was correct, *id.* at 428, the publication of that opinion would have given plaintiffs "notice of the facts that should have led them to inquire into the alleged fraud," *id.* at 413. *See id.* at 428. Here, the report at issue was published long after the events alleged in the second amended complaint, and Plaintiffs are not making a tolling argument that some party had notice of a potential claim based on the findings in the report. Rather, Plaintiffs are asking the Court to effectively accept the report's findings as true, and evaluate Plaintiffs' allegations in light of the substance of those findings.

The other two cases Plaintiffs cite also are readily distinguishable. In *Oxford Asset Management v. Jaharis*, the court addressed a motion to dismiss a securities action. The plaintiffs alleged that a company made material misrepresentations "concerning the safety, efficacy, tolerability and sales volume" of a particular drug. 297 F.3d 1182, 1187 (11th Cir. 2002). Among other things, the trial court had concluded that the plaintiffs' claim that the company misrepresented the drug's efficacy in its prospectus was merely a bald accusation. Neither of the two studies the plaintiffs cited in their complaint was inconsistent with the 22% to 32% efficacy range noted in the prospectus, which cited four studies in total. *Id.* at 1192-93. The court further noted that a study cited in the prescription drug package insert—which was a matter of public

record—indicated that the drug had an efficacy rate of 32%, consistent with the high end of the range in the prospectus, and "specifically stated that it was not accepting the facts asserted in the insert as true." *Id.* at 1193. The court of appeals found no error because the district court appeared to have referred to the insert only "to show the bare *existence* of a clinical study which stated [that the drug had 32% efficacy]." *Id.* (emphasis added). That is very different from Plaintiffs' request here, which asks this Court to assume the plausibility of alleged wrongdoing on the part of the Defendants because of a later-issued report regarding a separate investigation by different individuals in an unrelated matter.

Finally, in *Posner v. Coral Resorts LLC*, the court took judicial notice of a U.S. Postal Service Inspector General's report regarding nationwide delays in mail delivery, not as part of its evaluation of the plausibility of the substantive allegations supporting the plaintiff's claim on a Rule 12(b)(6) motion, but rather in the course of evaluating the credibility of statements the plaintiff offered in a *declaration* submitted to support her request for equitable tolling of the time limit for filing her Age Discrimination in Employment Act claim. *See* No. 9:16-cv-03231, 2018 WL 1187565, at *3 (D.S.C. Mar. 6, 2018). The court did not rely on the report to determine whether allegations in the complaint were plausible, but rather to evaluate the defendant's argument that the plaintiff's sworn declaration "strain[ed] credulity." *Id.* The court's ultimate evidentiary finding rested on the plaintiff's sworn declaration, not the facts in the judicially noticed report. *See id.*

In sum, none of the cases cited by Plaintiffs supports their contention that Inspector General findings regarding FISA applications related to a different individual in another matter render plausible Plaintiffs' conclusory allegations that Special Agent Haugen made knowing misstatements in a FISA application here.

Lastly, as Defendants explained in their motion to strike, the Inspector General Report supports Special Agent Haugen's special factors defense. Plaintiffs' response misses the mark. Defendants did not assert that Plaintiff Xi's *Bivens* claims against Special Agent Haugen include a claim for unlawful surveillance under FISA, nor is Special Agent Haugen's motion to dismiss based on such a claim. Rather, as Special Agent Haugen explained in his opening motion to dismiss and his reply, adjudication of the *Bivens* claims Xi pled in his second amended complaint (particularly Counts I and III) will "invariably lead to litigation" over classified information, to the extent any such information exists. ECF No. 35 at 16; *see also* ECF No. 46 at 10. In this context, the Inspector General's proposed audit is a preferable response to FISA abuse claims. The judicially implied damages remedy Plaintiff Xi seeks is not. *Cf. Hernandez v. Mesa*, 140 S. Ct. 735, 750 n.12 (2020) ("Indeed, in *Abbasi* we explained that existence of alternative remedies was merely a further reason not to create *Bivens* liability.").

## CONCLUSION

For these reasons and those explained in Defendants' opening motion to strike, this Court should grant their motion and strike Plaintiffs' "Notice of Supplemental Authority."

Dated: March 19, 2020                    Respectfully submitted,

                                      JOSEPH H. HUNT
Assistant Attorney General
Civil Division

ANTHONY J. COPPOLINO
Deputy Director
Civil Division, Federal Programs Branch

   /s/  *Elizabeth Tulis*
ELIZABETH TULIS
(NY Bar, under LCvR 83.5(e))
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C.  20005
(202) 514-9237 (phone)
(202) 616-8470 (fax)
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants William P. Barr,*
*Christopher A. Wray, and Gen. Paul M. Nakasone*

C. SALVATORE D'ALESSIO, Jr.
Acting Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Counsel

   /s/  *Paul E. Werner*
PAUL E. WERNER
(Md. Bar, under LCvR 83.5(e))
Senior Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Washington, D.C.  20044
(202) 616-4152 (phone)
(202) 616-4314 (fax)
E-mail: Paul.Werner@usdoj.gov

*Attorneys for Special Agent Haugen*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on March 19, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

                                                /s/ *Paul E. Werner*
                                                PAUL E. WERNER