IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOXING XI, *et al.*, | : |
| | : |
| Plaintiffs, | : CIVIL ACTION |
| | : |
| v. | : No. 17-cv-2132 |
| | : |
| UNITED STATES OF AMERICA, *et al.*, | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

**RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write in response to Defendants' letter, ECF No. 65, concerning the Ninth Circuit's decision in *Phillips v. U.S. Customs and Border Protection*, No. 21-55768, 2023 WL 4673472 (9th Cir. July 21, 2023). Contrary to the government's characterization of *Phillips*, the Ninth Circuit's reasoning directly supports Plaintiffs' standing because the Xi family suffered concrete harms to their privacy interests.

*Phillips* holds that a plaintiff does not have standing to seek expungement of records *unless* the collection or retention of those records cause a concrete harm, such as "invasion of their privacy interests." *Id.* at *5. *In Phillips*, the Plaintiffs sought expungement of records containing basic biographical information—information "not 'generally considered "private."'" *Id.* at *7 (quoting *Russell v. Gregoire*, 124 F.3d 1079, 1082, 1094 (9th Cir. 1997)). The challenged records were created with "'open source information available to the public,' like media reports and social media pages." *Id.* The court concluded that retention of such records did not constitute an Article III injury because the information contained therein was "a far cry from

the types of information that [the Ninth Circuit] ha[s] held are so sensitive that another's retention of the information is analogous to tortious conduct." *Id.* For example, in *Mayfield v. United States*, 599 F.3d 964 (9th Cir. 2010), the plaintiff had standing to challenge the retention of records unlawfully searched and seized from the Plaintiffs' home, including "confidential client files, bank records, and 'summaries of confidential conversations between husband and wife, parents and children,'" because the retention of such records "involved an invasion of privacy, an injury identified by the Supreme Court as concrete." *Id.* at *5 (discussing *Mayfield*). According to the Ninth Circuit panel, the *Phillips* plaintiffs lacked standing because their case did not involve similarly "sensitive" records. *Id.* at *7.

As in *Mayfield*, the Xi family seeks expungement of highly sensitive records collected through unlawful searches and surveillance. *Mayfield*, 599 F. 3d at 971. The Defendants seized and continue to retain copies of the Xi family's private communications, data, and papers. Second Am. Compl. ¶¶ 60–67, 124–35 (ECF No. 26). These records include emails, text messages, and recorded phone calls; the full contents of the Xis' computers and cell phones; as well as travel records, financial records, bank statements, credit reports, and other records of personal and business activities. *Id.* The collection and retention of such records constitutes an invasion of privacy under the Fourth Amendment and state law, and thus constitutes a cognizable injury. *See id.* ¶¶ 108–13, 124–35 (describing invasion of privacy torts and Fourth Amendment violations); *see also Phillips*, 2023 WL 4673472 at *7.

Thus, *Phillips* further supports Plaintiffs' arguments that they have standing to seek expungement of the private records at issue in this case. *See also* Pls.' Opp. Br. at 16 (ECF No. 42) (explaining that it is well-established that a demand to expunge illegally obtained information supports standing).

Dated: August 11, 2023                                    Respectfully submitted,

/s/ *Patrick Toomey*
Patrick Toomey
Ashley Gorski
Sarah Taitz
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
ptoomey@aclu.org

David Rudovsky
Jonathan H. Feinberg
Susan M. Lin
KAIRYS, RUDOVSKY, MESSING, FEINBERG
 & LIN LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

Jonathan Hafetz
SETON HALL LAW SCHOOL
One Newark Center
Newark, NJ 07102
(917) 355-6896

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I am filing the foregoing document with the Clerk of Court via the CM/ECF system and, as such, it will be served electronically on all registered counsel in this proceeding.

Dated: August 11, 2023                                       /s/ Patrick Toomey
                                                             Patrick Toomey

                                                             *Counsel for Plaintiffs*