IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOXING XI, ET AL. : | |
| : | CIVIL ACTION |
| v. : | |
| FBI SPECIAL AGENT : | NO. 17-2132 |
| ANDREW HAUGEN, ET AL. : | |

### ORDER

**AND NOW** this  11th   day of  August , 2023, upon consideration of Defendants Merrick Garland, Christopher A. Wray, and Paul M. Nakasone (together, "the Official Capacity Defendants"),[1] and Special Agent Andrew Haugen's Motion to Strike (ECF No. 53) Plaintiffs' "Notice of Supplemental Authority" dated February 6, 2020, docketed at ECF No. 52, Plaintiffs' Response in opposition to Defendants' Motion to Strike (ECF No. 56), and Defendants' Reply in support of the Motion to Strike (ECF No. 57), it is **ORDERED** that the Motion is **DENIED**.[2]

**IT IS SO ORDERED.**

BY THE COURT:

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Merrick Garland and National Security Agency ("NSA") Director Gen. Paul M. Nakasone are automatically substituted for former Attorney General Jefferson B. Sessions III and former NSA Director Adm. Michael S. Rogers.

[2] While the Court will not strike Plaintiffs' February 26, 2020 supplemental submission, it will determine whether and to what extent consideration of supplemental submissions is appropriate as part of its evaluation of the Official Capacity Defendants' Motion to Dismiss. *See, e.g., Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a

---

motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record."); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (noting matters of which court may take judicial notice); *Atkins v. Capri Training Ctr., Inc.*, No. 13-6820, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014) (noting that while a party "may advise the court of . . . relevant [supplemental] authority . . . a Notice of Supplemental Authority should not advance new arguments that were absent from the movant's complaint. (citing *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255 (3d Cir.2008))).