IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

XIAOXING XI, *et al.*,

      Plaintiffs,

v().

UNITED STATES OF AMERICA,

      Defendant.

Civil Action No. 17-2132

**STIPULATED PROTECTIVE ORDER REGARDING
<u>CONFIDENTIAL INFORMATION</u>**

With the agreement of the parties, and the Court having determined that there is good cause for issuance of a protective order under Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

A. <u>Definitions</u>

1. "Action" shall mean the case captioned *Xi v. United States*, No. 2:17-cv-2132 (E.D. Pa.).

2. "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information: (a) is not in the public domain, or if in the public domain, is improperly in the public domain; and (b) is

    (i)    Personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing

under Federal Rule of Civil Procedure 5.2;

(ii) Information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; or

(iii) Information that is otherwise sensitive, but unclassified, for which the Producing Party determines that public disclosure is reasonably expected to cause harm to law enforcement or foreign counterintelligence interests, including but not limited to, records, the disclosure of which would tend to reveal the identity of sensitive sources, impede or impair the effectiveness of an investigative technique, method, or procedure of the Federal Bureau of Investigation (FBI) or would interfere with an investigation or investigative interest of the FBI.

(iv) Documents that were marked by third parties as "confidential" or as containing "proprietary information" when obtained by the United States.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

4. "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

5. "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6. "Designating Party" shall mean the party or other person producing in discovery

in the Action any information that the Producing Party seeks to designate and have treated as Confidential Information under this Protective Order.

7. "Producing Party" shall mean the person or party producing information in discovery in the Action.

8. "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B. Purpose, Scope, and Limitations of Protective Order

1. This Protective Order applies to discovery, pre-trial and (to the extent approved by the Court) trial and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party"). This Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

2. Nothing in this Protective Order supersedes existing independent statutory or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

3. This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information that has not been designated by a Party as Confidential Information. A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

4. The protections conferred by this Protective Order do not cover any information (i) properly in the public domain; or (ii) that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

Protective Order, including becoming part of the public record in this Action through trial or otherwise.

5. This Protective Order does not govern the use by the Parties of Confidential Information in open court at any hearing or trial, subject to the Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate. The Parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial. Nothing herein, however, shall prevent a Party from opposing such a motion.

6. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

7. Any Confidential Information referenced in any pleading or contained in any document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or document under seal.

8. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

9. This Protective Order applies only to disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

10. Neither the termination of this Action nor the termination of employment of any

person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order.

11. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court. By consenting to this Order, no Party hereto shall be deemed to have waived its right to seek a Protective Order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each Party reserves the right to oppose any motion to modify the terms of the Order. Nothing in this Order shall be construed as a waiver of a Party's right to challenge by motion a Party's designation of materials as "Covered Information" subject to this Protective Order or to challenge a motion to file a document under seal or to move to unseal documents so filed. Nothing in this Order is intended to constitute an agreement regarding the scope of discovery. This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the Parties reserve their right to object to discovery on any appropriate ground.

C. Method for Designating Confidential Information

1. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The Designation of Confidential Information should be limited to those Documents that qualify under the appropriate standards or under the definition of

"Confidential Information" in Section A(2) of this Protective Order.

3. Documents containing Confidential Information that are produced in discovery in this Action shall be designated as containing Confidential Information. For documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "Subject to Protective Order in Xi v. US, 17cv2132" on each page of the document asserted to contain Confidential Information. For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "Subject to Protective Order in Xi v. US, 17cv2132." The media on which the Confidential Information is provided (e.g., CD, DVD, external hard drive) also must be and remain plainly labeled with "Subject to Protective Order in Xi v. US, 17cv2132" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Confidential Material must be done in a manner that maintains the designation of Confidential Information and the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "The following response is CONFIDENTIAL under the Court's Protective Order in Xi v. US, 17cv2132." For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition

transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A. After designation of Confidential Material is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "Subject to Protective Order in Xi v. US, 17cv2132." If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "Subject to Protective Order in Xi v. US, 17cv2132."

5. For any other Document or item produced in discovery in this Action not falling within subparagraphs C(3) or (4) above, designation of Confidential Information shall be made by labeling the item or the item's container with "Subject to Protective Order in Xi v. US, 17cv2132."

6. If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

7. Except as specified below, all information derived from Confidential Information, even if incorporated in another document or compilation, shall be defined as Confidential

7

Information. All such derived information shall continue to be subject to the requirements of this Order regardless of whether the derived information has been marked in accordance with paragraph 3.

D.  <u>Challenging Confidential Designations</u>

   1.  A Challenging Party shall not be obliged to challenge the propriety of a Confidential Information designation at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

   2.  The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

   3.  The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within ten calendar days after the Designating Party receives notice from the Challenging Party. In conferring, the Challenging Party must explain the basis for its belief that the designation of Confidential Information was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to confirm that the designated material falls within a protected category. The Designating Party must communicate its decision to the Receiving Party within 14 calendar days after receipt of notice of the challenge, or within a reasonable time agreed to by the Parties.

   4.  If the Designating Party decides to withdraw its designation, it shall give notice of this change to all parties.

5. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first, or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6. If the Challenging and Designating Parties cannot come to a resolution within the time set forth in paragraph 3 above, or within such time as the parties otherwise agree, the Challenging Party may file a motion seeking a determination from the Court. Each such motion must include a statement that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party, to the extent consistent with applicable law. In the event of a challenge to a designation of Confidential Information, all Parties shall continue to afford the material in question the protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

7. Any information designated as Confidential Information after the entry by the Court of this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that such information should not be treated as Confidential Information.

E. <u>Disclosure, Use, and Handling of Confidential Information</u>

1. A Receiving Party may use Confidential Information in connection with this Action only, and solely for prosecuting, defending, or attempting to settle this Action, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

2. Counsel of record are responsible for employing reasonable measures consistent

with this Protective Order to control access to and secure distribution of Confidential Information.

3. Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following persons only:

   a. Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;
   b. The Parties;
   c. Current employees of the Parties who are assisting with respect to this Action;
   d. Any person with prior authorized access to the Confidential Information;
   e. Current employees of the Producing Party;
   f. Witnesses, potential witnesses, and deponents, including their counsel;
   g. Court reporters and other persons not employed by this Court, retained to record or transcribe depositions in connection with this Action;
   h. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;
   i. Retained expert witnesses and consultants;
   j. Mediators or arbitrators;
   k. All attorney service providers assisting in accomplishment of the

foregoing purposes on behalf of any party, with disclosure only to the extent necessary to enable them to perform same; and

l. This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes), jurors, and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4. Disclosure to the persons referenced in subsections (E)(3)(a)-(k) above may occur only after the person to whom the disclosure is to be made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A." In the event that any person in subsections (E)(3)(a)-(k) above refuses to sign the form, no Confidential Information may be disclosed to such person, except (1) when otherwise ordered by the Court, or (2) with the prior written consent of the producing party that originally designated such Confidential Information. All executed forms shall be retained by Counsel for the party which obtained the signed declarations until such time as this litigation, including all appeals, is concluded and shall be available to the other party, or his agents or counsel, upon request to the Court for good cause shown.

5. Persons receiving Confidential Information under the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

6. Unless the Designating Party gives written permission, all Confidential Information that is filed with the Court must be (1) filed under seal or *in camera* in accordance with the Court's Local Rules and procedures, and/or (2) redacted from any filing that is publicly available.

7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person that either (a) the Designating Party does not object to the production of the Confidential Information or (b) the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

8. If the need arises for any party to disclose Confidential Information in a proceeding in open Court or in support of a dispositive motion, it may do so only after giving seven days' notice to the Producing Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.

F. <u>Inadvertent Production of Confidential Information or Failure to Designate</u>

1. Nothing herein shall be construed as a waiver of any applicable privilege or other protection, with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order,

has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) within five calendar days notify the Producing Party of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

3. The inadvertent failure to designate any document or material as containing Confidential Information does not forfeit or waive an otherwise valid claim of confidentiality under this Protective Order, so long as a claim of confidentiality is asserted by the Producing Party within 30 days after the inadvertent failure is discovered by the Producing Party. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant documents and information shall be treated as Confidential Information in accordance with this Order. In the event of a later designation, the Receiving Party shall, within fourteen days, inform the Producing Party

of the individuals not covered by this Protective Order who received the later-designated material.

G. <u>Disposition of Documents Containing Confidential Information</u>

1. Except as provided in this Protective Order, within 90 days of the termination of this Action, whether by settlement, judgment, or other disposition or conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either to (a) destroy or delete all items designated as containing Confidential Information or (b) return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten or destroyed in the normal course of business. Until they are overwritten or destroyed in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions. In the course of disposing of information in its possession under this paragraph, the Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information under this Order that such information should be returned to the Receiving Party or destroyed by the person possessing the information with written confirmation to the Receiving Party.

2. For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains

clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

    3.   Counsel of record for the Parties shall also be entitled to retain copies of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the termination of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court otherwise directs.

    4.   Attorneys for the United States may maintain copies of any documents designated Confidential Information in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

H.  <u>Agreement To Be Bound by Federal Rule of Evidence 502(d)</u>

    1. The Parties agree to be bound by Federal Rule of Evidence 502(d) governing the disclosure of a communication or information covered by the attorney-client privilege.

    2. The inadvertent disclosure or production of any information or document subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information under this Protective Order, will not waive or forfeit a Party's

claim to its privileged or protected nature or estop that Party or the privilege holder from designating the information or document as privileged or subject to the work product doctrine at a later date. Any Party receiving any such information or document must return it upon request to the Producing Party. Upon receiving such a request as to specific information or documents, the Receiving Party must, within five calendar days, return to the Producing Party or permanently destroy the information or documents, including all copies made thereof and supply a written statement attesting to such, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the Receiving Party prior to such later designation by the Producing Party will not be deemed a violation of the provisions of this Order.

      3. The provisions of this sub-section constitute an order under Federal Rule of Evidence 502(d).

_____
THE HONORABLE R. BARCLAY SURRICK
UNITED STATES DISTRICT JUDGE

Dated:_____

| | |
|---|---|
| \_\_\_/s/ David Rudovsky\_\_\_<br>David Rudovsky<br>Jonathan H. Feinberg<br>Susan M. Lin<br>KAIRYS, RUDOVSKY, MESSING,<br>FEINBERG &<br>LIN LLP | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>C. SALVATORE D'ALESSIO, Jr.<br>Director, Torts Branch<br><br>RICHARD MONTAGUE<br>Senior Trial Counsel |

<table>
<tr><td>

The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400
(215) 925-5365 (fax)

</td><td>

   /s/ Paul E. Werner
PAUL E. WERNER
(Md. Bar, under LCvR 83.5(e))
Senior Trial Counsel
PAUL QUAST
(Co. Bar, under LCvR 83.5(e))
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Washington, D.C. 20044
(202) 616-4152 (phone)
(202) 616-4314 (fax)
E-mail: Paul.Werner@usdoj.gov

*Attorneys for the United States*

</td></tr>
<tr><td>

Patrick Toomey
Ashley Gorski
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
(212) 549-2654 (fax)
ptoomey@aclu.org

Jonathan Hafetz
1109 Raymond Boulevard
Newark, NJ 07102
(917) 355-6896
jonathan.hafetz@shu.edu

*Counsel for Plaintiffs*

</td><td>

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

/s/ Elizabeth Tulis
ELIZABETH TULIS
(NY Bar, under LCvR 83.5(e))
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 514-9237 (phone)
(202) 616-8470 (fax)
E-mail: elizabeth.tulis@usdoj.gov

*Attorneys for Defendants Christopher A. Wray, Merrick Garland, and Gen. Timothy D. Haugh*

</td></tr>
</table>

## **EXHIBIT A**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XIAOXING XI, *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | Civil Action No. 17-2132 |
| UNITED STATES OF AMERICA, : | |
| : | |
| Defendant. : | |

### CERTIFICATION

1. My name is_____

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.


Executed this ___ day of _____ by _____
                                                                      (Print Name)


Signed_____