

**U.S. Department of Justice**

Civil Division
Federal Programs Branch

| **Mailing Address** | **Overnight Delivery Address** |
|---|---|
| P.O. Box 883 | 1100 L Street, N.W. |
| Washington, D.C. 20044 | Washington, D.C.  20005 |

Tel:  (202) 616-0680
Fax:  (202) 616-8470
Michael.J.Gerardi@usdoj.gov

May 12, 2026

Chambers of the Hon. R. Barclay Surrick
U.S. District Court, Eastern District of Pennsylvania
601 Market Street
Philadelphia PA 19106

SUBMITTED VIA CM/CEF

Re.: *Xi v. Haugen*, No. 2:17-cv-02132-RBS (E.D. Pa.)

Dear Judge Surrick,

The "official capacity" Defendants provide the following response to Plaintiffs' letter of April 28, 2026. Letter, ECF No. 78, at 1. Plaintiffs' letter discusses three opinions issued since the close of briefing on Defendants' motion to dismiss: the opinions of the Second Circuit and Eastern District of New York in *United States v. Hasbajrami*, and an opinion of the Foreign Intelligence Surveillance Court (FISC) issued in 2018 regarding the government's request for approval of amended certifications and related procedures, as required by statute. *See* 50 U.S.C. § 1881a. As explained below, these opinions do not address the deficiencies in Plaintiffs' complaint, and dismissal of Plaintiffs' claims against the "official capacity" Defendants remains warranted.

In *Hasbajrami*, the Second Circuit largely agreed with the government as to the legality of incidental collection of data involving U.S. persons pursuant to section 702, but held that there was an open question as to whether the "querying" of data by the government of information collected through section 702 collection constitutes a "search" for Fourth Amendment purposes, and remanded the matter to the district court for further analysis. *Hasbajrami*, 945 F.3d 641, 673 (2d Cir. 2019). On remand, the district court held that the queries conducted as to the defendant in that case constituted a "search," but it nonetheless denied the criminal defendant's motion to suppress the evidence. *Hasbajrami*, No. 1:11-cr-623, 2025 WL 447498, at *20–21 (E.D.N.Y. Feb. 10, 2025). Because the government had "followed minimization procedures approved by the FISA Court and in place at the time when querying Section 702-acquired information as to Defendant," the court declined to exclude the evidence obtained through the querying procedures. *Id.* at *21. The defendant appealed that decision, and the case remains pending before the Second Circuit.

This Court is not bound by either the Second Circuit's decision in *Hasbajrami* or by the subsequent remand opinion issued by the district court. The government submits that the Second Circuit erred in concluding that querying is subject to separate review under the Fourth Amendment, and the district court erred in concluding that it was a Fourth Amendment "search." *See, e.g.,* Defs.'

Mot. To Dismiss, ECF No. 38, at 37–38. The government "review[s] information lawfully collected [under section 702] to decide whether to retain or disseminate it under the minimization procedures," so "subsequent querying of a § 702 collection, even if U.S. person identifiers are used, is not a separate search and does not make § 702 surveillance unreasonable under the Fourth Amendment." *United States v. Mohamud*, No. 3:10-CR-00475, 2014 WL 2866749, at *26 (D. Or. June 24, 2014), *affirmed on other grounds*, 843 F.3d 420 (9th Cir. 2016).

But even if the Court finds the Fourth Amendment question to be close, resolution of it is unnecessary to adjudicate the pending motion to dismiss. Defendants' motion demonstrates that Plaintiffs lack standing to obtain the injunctive and declaratory relief that they seek and have not plausibly alleged they were subjected to any search or seizure conducted pursuant to FISA Section 702, much less a violation of the Fourth Amendment. The issue of "querying" raised in Plaintiffs' letter is only salient if the government obtained communications of Professor Xi through the querying of information obtained through section 702 collection, something he has not plausibly alleged. Novel constitutional issues should not be "needlessly confronted," *DeBartolo Corp v. Gulf Coast Trades Council*, 485 U.S. 568, 576 (1985), and there is no need to do so here. And even if Plaintiffs were correct about all of these points, the government still prevails. As was the case in *Hasbajrami*, Plaintiffs have not pled facts that would establish the government deviated from the approved querying and minimization procedures in place at the time of any alleged search. As such, the "good faith" exception applies and Plaintiffs fail to make out a viable Fourth Amendment claim.

Much the same logic applies to Plaintiffs' invocation of *[Redacted]*, 402 F. Supp. 3d 45 (U.S. F.I.S.C. 2018). This opinion concerned the Attorney General's then-newly revised procedures for FBI querying and minimization of Section 702-acquired information. These procedures must be re-submitted and re-evaluated annually. The FISC declined to recognize that querying was a "distinct Fourth Amendment event," as the Second Circuit did in *Hasbajrami. Id.* at 86. Although the FISC held that "under a totality-of-the-circumstances" analysis that FBI's querying procedures were "unreasonable under the Fourth Amendment" and imposed additional documentation requirements to cure that deficiency, it acknowledged that the certification process was intended to address the "statutory protections" put in place by the reauthorization of FISA, not to "define the scope of what constitutes an independent search under the Fourth Amendment." *Id.* And on appeal, the FISC Court of Review declined to address the constitutional holding and affirmed that the querying procedures were not consistent with the FISA. 941 F.3d 547, 563 (FISA Ct. Rec. 2019).

Plaintiffs' arguments, then, are misplaced for at least three reasons. First, as was true of *Hasbajrami*, the FISC's opinion does not bind this Court and does nothing to address the threshold standing and pleading adequacy problems with the initial complaint. Second, the FISC opinion does not provide a basis for treating querying of section 702 information as a Fourth Amendment event separate from the initial collection of data. Third, even though the FISC's 2018 decision concluded that the FBI's 2018 minimization and querying procedures were inadequately protective of privacy interests, Plaintiffs have not even plausibly alleged that Defendants used section 702 to collect communications of Professor Xi, much less alleged that Defendants failed to follow the procedures in place for section 702 such that the "good faith" exception to the Fourth Amendment would not apply. *Hasbajrami*, 2025 WL 447498, at *21. It simply does not follow from the FISC's opinion that anyone who speculates he may have been subject to section 702 analysis under the procedures in place prior to 2018 has a Fourth Amendment claim against the federal government.

2

May 12, 2026

Respectfully Submitted,

BRETT A SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Branch Director

*/s/ Michael J. Gerardi*
Michael J. Gerardi
Senior Trial Counsel
Federal Programs Branch
Civil Division, U.S. Dep't of Justice
1100 L St. NW
Washington, D.C. 20005
Phone: (202) 616-0680